# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2010

## ANN MARIE SHANNON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 63434   Don R. Ash, Judge**

---

**No. M2009-02375-CCA-R3-PC - Filed January 20, 2011**

---

The Rutherford County Grand Jury indicted Petitioner, Ann Marie Shannon, for four counts including one count of driving under the influence ("DUI"), second offense. On June 19, 2009, Petitioner entered a negotiated plea agreement to DUI, first offense. Pursuant to the agreement, she was ordered to serve forty-eight hours in the Swaim Center[1] and serve eleven months and twenty-nine days on probation. Petitioner subsequently filed a petition for post-conviction relief arguing that she received ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied the petition. We have reviewed the record on appeal and conclude that the evidence does not preponderate against the findings of the post-conviction court. Therefore, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Jason N. King, Smyrna, Tennessee, for the appellant, Ann Marie Shannon.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, and Trevor Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]Although it is not clear from the record, it appears the Swaim Center is an addiction treatment facility and a school for DUI offenders.

# OPINION

## *Factual Background*

### Guilty Plea

Petitioner was indicted for one count of DUI, second offense; one count of driving while license suspended, cancelled, or revoked; one count of violation of financial responsibility; and one count of violation of registration law. On June 19, 2009, Petitioner entered a negotiated guilty plea to one count of DUI, first offense. The other three counts were dismissed. Pursuant to the plea agreement, Petitioner was sentenced to eleven months and twenty-nine days. All but forty-eight hours of the sentence was suspended. Petitioner was ordered to serve forty-eight hours in the Swaim Center within thirty days of the guilty plea hearing. She was placed on probation for eleven months and twenty-nine days. She was also required to perform twenty-four hours of public service of litter removal, however, if her physical disabilities prevented her from participating, an alternative public service could be substituted. She was also required to pay a $350 fine and court costs. Finally, she was required to attend and complete alcohol safety school.

### Post-conviction Petition

On August 4, 2009, Petitioner filed a pro se petition for post-conviction relief. An amended petition alleging ineffective assistance of counsel was filed by court-appointed counsel on September 4, 2009. On October 26, 2009, the post-conviction court held an evidentiary hearing on the petition.

Petitioner testified at the hearing. She stated that she suffers from Guillian-Barre Syndrome which is neurological disorder. The disorder affects her mobility. She admitted that she pled guilty to DUI, first offense. She stated that the reason she pled guilty is because she has a young son. She also pled because she would be able to serve her forty-eight hours in the Swaim Center. She admitted that she spoke with trial counsel about her disability. They spoke about the jail being less comfortable than the Swaim Center and that the jail could not manage her drug therapy which included seven separate drugs and her other medical needs.

However, she maintained at the hearing that she could not afford the $350 charge for the Swaim center in addition to her court costs and fines which totaled almost $2,000. She testified that she was not anticipating a hefty fine for her DUI conviction in addition to the court costs and the Swaim Center charges. She knew that there would be an extra charge for

the Swaim Center but thought that it would be $200 or $300. She figured she could afford that amount. She stated that if she had known she would be serving her time in jail instead of the Swaim Center, she would have gone to trial.

On cross-examination, she admitted that she has previously been convicted of DUI, first offense. On that occasion, the fine was about $1,000. She did not anticipate such a high fine for the conviction in question because she believed that the fine was calculated on the defendant's income. At the time she was convicted of the first DUI, she was living on disability and was not working. She testified that she did not pay her Swaim Center fee because the probation department was very insistent that she pay her probation fees.

She stated that trial counsel had pushed her into pleading guilty. She believed that this was not fair when he knew her financial situation. She admitted that trial counsel did advise her about the potential sentence if she went to trial on DUI, second offense. She admitted that trial counsel informed her that she would have a minimum jail time of 45 days and a minimum fine of $600. She also stated that she did not need to attend alcohol safety school because it was unnecessary.

Trial counsel also testified at the hearing. He stated that he told Petitioner that it was her choice as to whether to serve her time at jail or the Swaim Center. Trial counsel did not tell her what the fees would be for the Swaim Center because he did not know what the fees would be. He stated that his common practice is to tell his clients that their court costs will be at least $200 or $300, but he never tells them a specific amount. He testified that he knew of Petitioner's medical situation and physical limitations. He did not recall discussing the jail's ability to accommodate her medical needs. He specifically stated that it was the Petitioner's decision whether to accept the plea offer. He told Petitioner that she would get more jail time if she lost at trial than the time that was set out in the guilty plea offer.

On October 28, 2009, the post-conviction court filed an order denying the petition. The post-conviction court found that "the transcript and Petitioner's testimony in Court indicated that she was aware and understood the terms of the plea agreement to which she entered." Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, Petitioner argues that she was afforded ineffective assistance of counsel. The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record

preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, the petitioner must demonstrate that counsel's

representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052 (1984), the petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowledgeable guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

The post-conviction made the following findings regarding the voluntariness of Petitioner's plea:

> The transcript of the plea hearing shows Petitioner was neither coerced nor pressured into the plea agreement. The Court, in accepting Petitioner's plea, made a thorough and direct inquiry as to its voluntary nature. Petitioner swore under oath that her plea was voluntary, that she understood the nature of her [sic] agreement with the State, and that she understood the rights given up by pleading guilty. When asked if she had any questions, Petitioner declined. The court told Petitioner the exact amount of her fine, and that it would be in addition to court costs, to which she agreed. Furthermore, Petitioner had a previous DUI conviction in which she paid fines. Petitioner also acknowledged in Court that she was aware of that there were costs associated with attending the Swaim Center, and the transcript shows that she

agreed to attend and complete Alcohol and Safety school. In light of all the above, this Court finds petitioner's guilty plea was given knowingly and voluntarily.

We have reviewed the record on appeal and conclude that the evidence in the record does not preponderate against the findings of the post-conviction court set out above. Therefore, these findings are conclusive on appeal. For this reason, Petitioner's guilty plea was knowingly and voluntarily entered.

Having determined that the guilty plea was entered knowingly and voluntarily, we now turn to the question as to whether trial counsel's representation was deficient and whether Petitioner would not have pled guilty but for the deficient representation.

Trial counsel testified that he left the decision to accept the plea offer up to Petitioner. He stated that he informed her that her court costs would be at least $200 to $300. He knew of Petitioner's medical situation. He also informed her that if she were to go to trial and be convicted she would be looking at a longer sentence. This representation is without question. Petitioner was charged with DUI, second offense, as well as three other charges, and she pled guilty to the lesser charge of DUI, first offense and the other three charges were dismissed. We find no basis for a finding of deficient representation under these facts. Furthermore, even if trial counsel's representation was deficient, Petitioner has not proven prejudice. As stated above, Petitioner must prove that she would not have pled guilty. She stated at the hearing that she wanted to enter a plea because she needed to care for her young son and she did not want to serve her time in jail. We cannot conclude from her testimony that she would have chosen to go to trial and face a much more lengthy time in jail.

The post-conviction court found that Petitioner did not show that trial counsel was deficient or that she was prejudiced by his representation. We conclude that the evidence does not preponderate against this finding.

## CONCLUSION

Therefore, we affirm the post-conviction court's denial of the petition.

_____
JERRY L. SMITH, JUDGE

-6-